# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SIERRA FRANTZ, | * | No. 13-158V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | Filed: October 3, 2017 |
| v. | * | |
| | * | Entitlement, bench ruling, |
| SECRETARY OF HEALTH | * | lesions pre-existed vaccination |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Ronald C. Homer and Christina Ciampolillo, Conway Homer, P.C., Boston, MA, for petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION[1]**

  A hearing was held from Wednesday, September 27, 2017, through Friday, September 29, 2017.  After the parties submitted all their evidence, the undersigned issued a bench decision on Friday, September 29, 2017, finding that Ms. Frantz had failed to establish that she was entitled to compensation.  See Doe/17 v. Sec'y of Health & Human Servs., 84 Fed. Cl. 691, 704 n. 18 (2008) (noting "[e]ven a special master's ruling on entitlement may be delivered from the bench, with no written opinion").

  The undersigned is issuing this document for two reasons.  First, this document will become available to the public pursuant to 42 U.S.C. § 300aa-12(d)(4).

  Second, this document provides an abbreviated recitation for the basis of decision.  See Hebern v. United States, 54 Fed. Cl. 548 (2002) (example of a judge from the United States Court of Federal Claims formalizing a bench ruling denying a motion for review).  As explained in the bench ruling, the undersigned considered all the evidence, including the medical records, expert reports, medical articles, and oral testimony.  The undersigned's consideration of this evidence began when the evidence was received as outlined in the recitation of the case's

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

procedural history.  See Vaccine Rule 5.  The undersigned and the parties discussed timing and the onset issue on several occasions.

Determining whether Ms. Frantz had lesions in her brain before the vaccination is an issue of fact.  After considering all the evidence, the undersigned found that a preponderance of the evidence supported a finding that Ms. Frantz had lesions in her brain before she received the vaccinations.  As explained in the bench ruling, Dr. Sriram's presentation of a series of images from MRIs was very persuasive.  Dr. Sriram showed that it was more likely than not that the non-enhancing lesions were actually black holes that must have originated before the vaccinations.  Dr. Tornatore's response was not persuasive.  The undersigned's finding of fact that some lesions pre-existed her multiple sclerosis means that Ms. Frantz cannot prevail on her claim that the vaccinations caused her to suffer multiple sclerosis.

Ms. Frantz's case is very similar to W.C. v. Sec'y of Health & Human Servs., 704 F.3d 1352 (Fed. Cir. 2013).  In W.C., the undersigned found that the petitioner's non-enhancing brain lesions probably existed before the petitioner's vaccination because of the Cotton article.  The Federal Circuit stated that "the special master's underlying factual findings that Petitioner had multiple sclerosis before receiving the influenza vaccine were not arbitrary or capricious."  704 F.3d at 1358.

Here, the Secretary also filed the Cotton article and Ms. Frantz has not effectively rebutted it.  As described in the bench ruling, Ms. Frantz and Dr. Tornatore presented an opinion that suggests that if Ms. Frantz received an MRI under different conditions, her hypothetical MRI images could have shown a different result.  This opinion was too speculative to be persuasive.

The undersigned further directs the Clerk's Office to enter judgment based upon the decision in this case if a motion for review is not filed.  When the time for filing a motion for review (see Vaccine Rule 23) begins to run is for an appellate tribunal to decide.

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master
