# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * *
SIERRA FRANTZ, *
*
Petitioner, *
*
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * *

No. 13-158V
Special Master Christian J. Moran

Filed: February 19, 2020

Attorneys' fees, reasonable basis for motion for review

Ronald C. Homer & Christina Ciampolillo, Conway, Homer, P.C., Boston, MA, for petitioner;
Daniel Principato, United States Dep't of Justice, Washington, DC, for respondent.

**PUBLISHED DECISION ON REMAND AWARDING ATTORNEYS' FEES**[1]

The Court has remanded a motion for fees incurred in filing a motion for review regarding a decision awarding a portion of the attorneys' fees and costs requested. Order, issued Feb. 7, 2020. Ms. Frantz has demonstrated a reasonable basis for litigating the attorneys' fees question. A reasonable amount of attorneys' fees is $15,333.00.

* * *

The present dispute regarding attorneys' fees flows from Sierra Frantz's claim that vaccines caused her to develop multiple sclerosis. Ms. Frantz relied upon Carlo Tornatore, a neurologist, with some support from Lawrence Steinman,

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (http://www.cofc.uscourts.gov/aggregator/sources/7). This means the decision will be available to anyone with access to the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).

also a neurologist. Although Sierra Frantz did not establish that her vaccines caused her to develop multiple sclerosis, she, at the beginning of the case, presented evidence (reports from Dr. Tornatore) that showed her claim had a reasonable basis. This finding of reasonable basis supported an award of attorneys' fees and costs through March 16, 2016. After the Secretary presented an expert report opining that Ms. Frantz suffered from multiple sclerosis before the vaccination, Ms. Frantz's claim was no longer supported by reasonable basis. Thus, Ms. Frantz was not eligible to receive attorneys' fees and costs. Fees Decision, 2019 WL 3713942 (Fed. Cl. Spec. Mstr. June 24, 2019). The Fees Decision also reduced the hourly rate for Dr. Tornatore because of poor performance. Id. at *20-21.

Ms. Frantz filed a motion for review, arguing that reasonable basis existed throughout the case and that Dr. Tornatore should have been compensated at his usual hourly rate. Pet'r's Mot. for Rev., filed July 24, 2019. The Secretary opposed the motion for review. In doing so, the Secretary stated that "he reserves the right to challenge any further request for fees for litigating fees." Resp't's Resp. to Pet'r's Mot. for Rev., filed Aug. 22, 2019, at 10 n.2.

The Court denied the motion for review. The Court found: "The Special Master's reasonable basis determination is not arbitrary as it directly and temporally relates to the point in which Ms. Frantz's theory of causation was clearly discredited." 146 Fed. Cl. 137, 144 (2019). The Court also denied the motion for review with respect to Dr. Tornatore's hourly rate. Id. at 145-46. Judgment entered on November 13, 2019. Ms. Frantz did not appeal to the Federal Circuit.

On January 9, 2020, Ms. Frantz filed the pending motion for attorneys' fees, requesting $16,333.00. Ms. Frantz did not request any costs. Ms. Frantz's motion contains no argument justifying an award of attorneys' fees and costs. Pet'r's Mot. for Final Fees, filed Jan. 9, 2020.

The Secretary opposed the award of supplemental fees in a one-page filing. The Secretary argued Ms. Frantz "is not entitled to attorneys' fees and costs associated with her motion for review because it was filed long after the claim had lost reasonable basis." Resp't's Resp., filed Jan. 23, 2020.

Ms. Frantz defended her request. She argues that "a denial of attorneys' fees" for filing a motion for review "would effectively make any special master's determination that a claim was filed without reasonable basis or lost reasonable

basis during its pendency virtually unreviewable." Pet'r's Reply, filed Jan. 30, 2020, at 2.

The Court remanded the January 9, 2020 motion for fees to the undersigned. See order, issued Feb. 7, 2020. The motion is ready for adjudication.

* * *

The Vaccine Act authorizes special masters to award attorneys' fees to unsuccessful petitioners when the claim set forth in the petition is supported by "good faith" and "reasonable basis." 42 U.S.C. § 300aa–15(e). Here, the Fees Decision found that reasonable basis supported the petition for some, but not all, of the time the petition was pending. More specifically, reasonable basis ceased to support the claim after March 16, 2016.

The Government grounds its opposition to fees for the motion for review in the loss of reasonable basis in March 2016. In the Government's view, the present motion, which was filed in January 2020, should be denied because Ms. Frantz filed her motion "long after the claim had lost reasonable basis." Resp't's Resp.

The Government's argument, which was presented in a single page, is undeveloped and, ultimately, unpersuasive. By referring to "after," the Government may be implying that Ms. Frantz filed her motion outside the time the rules permit. However, petitioners may file a motion for attorneys' fees "no later than 180 days after the entry of judgment." Vaccine Rule 13(a). Because the Clerk's Office entered judgment based upon the Fees Decisions on November 13, 2019, Ms. Frantz has complied with Vaccine Rule 13(a).

Rather than focusing on the date Ms. Frantz filed her motion, the Government might be arguing that Ms. Frantz should have stopped litigating her claim that vaccines caused her multiple sclerosis on March 16, 2016, after Dr. Sriram's reports had "clearly discredited" Dr. Tornatore's theory. Opinion and Order, 146 Fed. Cl. at 144. Under this understanding of the Government's cryptic opposition, if Ms. Frantz had ended her pursuit of a claim that lacked a reasonable basis, then the motion for review regarding the Fees Decision, which found a lack of reasonable basis, would have been unnecessary.

If this is the contention the Government wished to convey, then the argument has a degree of logical force behind it. The flaw, however, is that the Fees Decision made two critical findings: first, reasonable basis existed in this case, at least until March 16, 2016; and second, while reasonable basis existed, Dr. Tornatore's reasonable hourly rate that was awarded was less than requested. This

second aspect to the Fees Decision undermines the Secretary's opposition. Even if Ms. Frantz had stopped prosecuting her claim on March 16, 2016, she still was entitled to seek reimbursement for Dr. Tornatore's work through that date. When the fees decision reduced Dr. Tornatore's hourly rate for his poor performance, Ms. Frantz could have filed a motion for review based solely on that reduction. Thus, the finding of reasonable basis for prosecution of the claim through March 16, 2016, serves as foundation for a finding of reasonable basis for the motion for review that challenged, in part, the award of attorneys' fees for Dr. Tornatore's reduced rate.

The finding of reasonable basis for some portion of the case distinguishes Ms. Frantz's case from those cases in which petitioners failed to establish a reasonable basis for filing the case at all. When petitioners do not have a reasonable basis to initiate the claim, then they are not eligible to receive attorneys' fees for litigating the reasonable basis question. See, e.g., Chuisano v. United States, 116 Fed. Cl. 276, 293 (2014) (determining that the special master did not abuse his discretion in finding no reasonable basis for the claim set forth in the petition and declining to award attorneys' fees for the motion for review).

In contrast, Ms. Frantz has argued for the broadest allowance of attorneys' fees: asserting that attorneys' fees should be awarded to litigate a motion for review regardless of whether reasonable basis has been found for any portion of a case. She presents a policy-based argument that "An across-the-board denial of attorneys' fees for any appeal of a reasonable basis determination frustrates petitioners' access to the appellate process. This is contrary to congressional intent and existing law." Pet'r's Reply at 2-3. The arguments in Ms. Frantz's reply seem to overlook what the statute requires.

Congress made unsuccessful petitioners eligible for an award of attorneys' fees and costs only when petitioners establish the "good faith" and "reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa–15(e). Thus, for petitioners who do not receive compensation, the finding of reasonable basis is a predicate for any award of attorneys' fees.

For Ms. Frantz, reasonable basis supported her claim for some time and this reasonable basis determination also grounds the motion for review. Thus, she will be reimbursed for a reasonable amount of attorneys' fees for filing the motion for review.

After the determination that reasonable basis supports the motion for review, the process for determining a reasonable amount of attorneys' fees for the motion

for review is relatively straightforward. In light of the Secretary's lack of objection to the amount of attorneys' fees, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

The Vaccine Act permits an award of reasonable attorney's fees. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

The pending motion for supplemental fees seeks $16,333.00. Of this amount, approximately $900 in attorneys' fees was incurred in litigating the amount of attorneys' fees before the special master. The remainder was incurred in the preparation of the motion for review.

In general, the requested fees are reasonable. The exceptions to reasonableness concern duplication in effort by having more than one attorney review relatively routine pleadings and Ms. Ciampolillo's work on July 24, 2019, when she engaged in paralegal work of preparing tables and clerical work in filing documents. A reasonable reduction for the non-reasonable aspects of the fee application is $1,000.00.

* * *

After a finding of reasonable basis, the Vaccine Act permits an award of reasonable attorney's fees. 42 U.S.C. § 300aa-15(e). For the reasons explained above, the January 9, 2020 motion is GRANTED to the extent that the undersigned finds a reasonable amount to be $15,333.00. This shall be paid as follows:

> **A lump sum payment of $15,333.00 in the form of a check made payable jointly to petitioner and petitioner's attorney, Ronald Homer, for all attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

The Clerk's Office is directed to deliver a copy of this decision to the presiding judge. See Vaccine Rule 28.1(a). The Clerk's Office is further instructed to enter judgment in the absence of a motion for review filed pursuant to RCFC Appendix B.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.